IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER and
JOHN TOWNSEND,

                    Plaintiffs,

  v.

GRARY HAMBLIN, JANEL NICKEL,
WILLIAM GROSSHANS, MORGAN DON,
ROLAND COUEY, FRANSON BRAIN,
MIESNER MICHAEL, TONY ASHWORTH,
TIM PETERSON, SANDY HAUTAMAKI,
CHARLES COLE, JOANNE LANE,
TIM DOUMA, KIESLING DIANA,
BRETT SUTTON and ZIEGLER,

                    Defendants.

ORDER

12-cv-179-bbc

---

This is a group action brought by plaintiffs James Turner and John Townsend, each of whom is an inmate at the Columbia Correctional Institution, alleging violations of their constitutional rights. Both plaintiffs have signed the complaint; however, only plaintiff Turner has filed a motion for leave to proceed *in forma pauperis* and a certified copy of a six-month trust fund account statement. Therefore, I will construe the complaint to include a request to proceed *in forma pauperis* on behalf of plaintiff Townsend.

Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004). A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act and until each plaintiff confirms, that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order.

From plaintiff Turner's trust fund account statement, I conclude that he must pay $147.92 as an initial partial payment of the $350 fee for filing his complaint. If he does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

Plaintiff Townsend has not submitted a certified copy of his most recent six-month trust fund account statement. An initial partial payment cannot be calculated for plaintiff Townsend at this time because he has not submitted the necessary trust account statement. The complaint in this case was submitted on March 10, 2012. Therefore, plaintiff Townsend's trust fund account statement should cover the six-month period beginning approximately September 10, 2011 and ending approximately March 10, 2012. Once plaintiff Townsend has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

Plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case.

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against

each plaintiff named in the caption of the action. (A litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff. If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because each plaintiff may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be required to sign the complaint and make an initial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs. Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee. Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

ORDER

IT IS ORDERED that

1. Each plaintiff may have until April 12, 2012, in which to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with the action,

    a. Plaintiff Turner may have until April 12, 2012, in which to submit a check or money order made payable to the clerk of court in the amount

3

       of $147.92.

   b.   Plaintiff Townsend may have until April 12, 2012, in which to submit a trust fund account statement for the period beginning September 10, 2011 and ending approximately March 10, 2012.

3.   If, by April 12, 2012, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 20th day of March, 2012.

                BY THE COURT:

                /s/

                STEPHEN L. CROCKER
                Magistrate Judge