IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER and
JOHN TOWNSEND,

                            Plaintiffs,

     v.

GRARY HAMBLIN, JANEL NICKEL,
WILLIAM GROSSHANS, MORGAN DON,
ROLAND COUEY, FRANSON BRAIN,
MIESNER MICHAEL, TONY ASHWORTH,
TIM PETERSON, SANDY HAUTAMAKI,
CHARLES COLE, JOANNE LANE,
TIM DOUMA, KIESLING DIANA,
BRETT SUTTON and ZIEGLER,

                          Defendants.

ORDER

12-cv-179-bbc

---

This is a group action brought by plaintiffs James Turner and John Townsend, prisoners at Columbia Correctional Institution, alleging violations of their constitutional rights. In an order entered in this case on March 20, 2012, I explained that under *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a group complaint. I gave plaintiffs until April 12, 2012, to advise the court whether each of them wishes to prosecute this action jointly. In the same order, I gave assessed James Turner an initial partial filing fee of $147.92 and I gave plaintiff John Townsend until April 12 to submit a trust fund account statement covering the period from September 10, 2011 and ending approximately March 10, 2012 so that his initial partial payment could be assessed.

In response to the March 20 order, plaintiff Turner has submitted his $147.92 initial partial payment and plaintiff Townsend has submitted his trust fund account statement.

From plaintiff Townsend's statement, I calculate his initial partial payment to be $33.65. If plaintiff Townsend does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Townsend is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $33.65 initial partial payment. Before prison officials take any portion of that amount from plaintiff Townsend's release account, they may first take from his regular account whatever amount up to the full amount he owes.

Although plaintiffs have not submitted letters stating that they would like to proceed jointly in this case, I will construe Turner's payment of his $147.92 partial filing fee and Townsend's submission of his trust fund account statement as confirmation that each plaintiff would like to go forward jointly in this case. With regard to future filings in this case, plaintiffs should be aware of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of both plaintiffs must be signed by all of the plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

2

ORDER

IT IS ORDERED that plaintiff John Townsend may have until May 15, 2012, in which

submit $33.65 as an initial partial payment of the $350 fee for filing this case.  If, by May 15,

2012, plaintiff Townsend fails to make the necessary initial partial payment or show cause for

his failure to do so, then he will be held to have withdrawn from this action voluntarily.

Entered this 23rd day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge