IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ROBERT TURNER and
JOHN TOWNSEND,

                                                           ORDER

                Plaintiffs,

                                                     12-cv-179-bbc

     v.

GRARY HAMBLIN, JANEL NICKEL, WILLIAM
GROSSHANS, MORGAN DON, ROLAND
COUEY, FRANSON BRAIN, MIESNER
MICHAEL, TONY ASHWORTH, TIM
PETERSON, SANDY HAUTAMAKI, CHARLES
COLE, JOANNE LANE, TIM DOUMA,
KIELSLING DIANA, BRETT SUTTON, ZEIGLER

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiffs James Robert Turner and John Townsend, prisoners at the Columbia Correctional Institution, brought an assortment of claims in this proposed civil action. In a July 30, 2012 order, I dismissed with prejudice plaintiffs' claims that defendants violated their rights under the equal protection clause by engaging in racial discrimination and their rights under the Eighth Amendment by maintaining inhumane conditions in segregation units. I dismissed portions of the complaint containing vague claims about overcrowding at the prison without prejudice under Fed. R. Civ. P. 8, gave plaintiffs a chance to amend their complaint to provide more detail about this claim and warned them that failure to submit a proposed amended complaint would result in the dismissal of the entire case for

1

failure to state a claim and the assessment of a strike against them under 28 U.S.C. § 1915(g).

Now plaintiffs have responded, stating that they wish to voluntarily dismiss the overcrowding claim without prejudice. It appears that they may do this under Fed. R. Civ. P. 41 1without a court order because defendants have not yet filed an answer, but that does not change the fact that they have proven unable to adequately state a claim upon which relief may be granted in this case. Accordingly, IT IS ORDERED that a strike will be assessed against them. Paul v. Marberry, 658 F.3d 702, 704 (7th Cir. 2011) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice.") (citations omitted). The clerk of court is directed to close the case.

    Entered this 21st day of August, 2012.

            BY THE COURT:

            /s/
            BARBARA B. CRABB
            District Judge